# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | |
| MATTHIAS NIKOLAKOPULOS and * | |
| ANNIKA NIKOLAKOPULOS,   * | No. 13-374V |
| on behalf of A.N.,   * | |
|    * | Special Master Christian J. Moran |
|    Petitioners,   * | |
|    * | Filed: February 11, 2015 |
| v.   * | |
|    * | Stipulation; influenza ("flu"); tetanus- |
| SECRETARY OF HEALTH   * | diphtheria-acellular pertussis (Adacel); |
| AND HUMAN SERVICES,   * | varicella (Varivax) and meningococcal |
|    * | (Menactra) vaccines; Guillain-Barré |
|    Respondent.   * | Syndrome ("GBS"). |
| * * * * * * * * * * * * * * * * * * * * * * * * | |

<u>Diana Sedar</u>, Maglio, Christopher and Toale, Sarasota, FL, for Petitioners;
<u>Linda Renzi</u>, United States Dep't of Justice, Washington, DC, for Respondent.

**UNPUBLISHED DECISION**[1]

On February 9, 2015, respondent filed a joint stipulation concerning the petition for compensation filed by Matthias and Annika Nikolakopulos, on behalf of their daughter, A.N., on June 5, 2013. In their petition, Mr. and Mrs. Nikolakopulos alleged that the influenza ("flu"), tetanus-diphtheria-acellular pertussis (Adacel), varicella (Varivax) and meningococcal (Menactra) vaccines, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which A.N. received on September 12, 2011, caused her to suffer Guillain-Barré Syndrome ("GBS"). Petitioners further alleges that she experienced the residual effects of this injury for more than six months. Petitioners represents that there has been no prior award or settlement of a civil action for damages on behalf of A.N. as a result of her condition.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the party has 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Respondent denies that any of A.N.'s September 12, 2011 vaccines caused her GBS, or any other injury, and denies that her current disabilities are sequelae of vaccine-related injury.

Nevertheless, the parties agree to the joint stipulation, attached hereto as "Appendix A." The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**A lump sum of $100,000.00 in the form of a check payable to petitioners, Matthias and Annika Nikolakopulos, as guardians/conservators of A.N.'s estate. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 13-374V according to this decision and the attached stipulation.[2]

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6353.

**IT IS SO ORDERED.**

s/ Christian J. Moran  
Christian J. Moran  
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MATTHIAS NIKOLAKOPULOS and ANNIKA NIKOLAKOPULOS on behalf of A.N., <br> Petitioners, <br> v. <br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br> Respondent. | No. 13-374V <br> Special Master <br> Christian J. Moran <br> ECF |

STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioners, Matthias and Annika Nikolakopulos, filed a petition for vaccine compensation on behalf of their daughter A.N. under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to - 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to A.N.'s receipt of an influenza ("flu"), tetanus-diphtheria-acellular pertussis (Adacel), varicella (Varivax) and meningococcal (Menactra) vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. A.N. received flu, Adacel, Varivax and Menactra immunizations on September 12, 2011.

3. The vaccines were administered within the United States.

4. Petitioners allege that A.N. suffered Guillain-Barre Syndrome ("GBS") as the result of the administration of her September 12, 2011 vaccines, and that she experienced residual effects of this injury for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of A.N. as a result of her condition.

6. Respondent denies that any of A.N.'s September 12, 2011 vaccines caused her GBS, or any other injury, and denies that her current disabilities are sequelae of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $100,000.00, in the form of a check payable to petitioners, as guardians/conservators of A.N.'s estate. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health

2

benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs and past unreimbursable expenses, the money provided pursuant to this Stipulation, will be used solely for the benefit of A.N. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of A.N.'s estate under the laws of the State of Florida. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/conservators of A.N.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of the estate of A.N. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardians/conservators of the estate of A.N. upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacities and as legal representatives of A.N., on behalf of themselves, A.N., and her heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally

3

release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of A.N. resulting from, or alleged to have resulted from, the flu, Adacel, Varivax and Menactra vaccinations administered on September 12, 2011, as alleged by petitioners in a petition for vaccine compensation filed on or about June 5, 2013 in the United States Court of Federal Claims as petition No. 13-374V.

15. If A.N. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

4

amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that A.N. suffered GBS, or any other injury as the result of the flu, Adacel, Varivax, and Menactra vaccines or any other vaccine, or that her current disabilities are sequelae of her alleged vaccine-related injuries.

19. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and assigns as legal representatives of A.N.

END OF STIPULATION

Respectfully submitted,

PETITIONERS:

*[signature]*
MATTHIAS NIKOLAKOPULOS

*[signature]*
ANNIKA NIKOLAKOPULOS

ATTORNEY OF RECORD FOR PETITIONERS:

*[signature]*
DIANA S. SEDAR
1605 Main Street
Suite 710
Sarasota, Florida 34236
(941) 952-5242

*[signature]* for
A. MELISSA HOUSTON M.D., M.P.H., FAAP
Director, Division of Injury
Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*[signature]*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

*[signature]*
LINDA S. RENZI
Senior Trial Counsel
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4133

Dated: February 9, 2015